IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT LARSON,

    Petitioner,               No. CIV S-08-1884 EFB P

    vs.

JAMES YATES, Warden,        <u>ORDER</u>

    Respondent.

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that this action is untimely and contains unexhausted claims. This case is before the undersigned pursuant to consent of the parties. *See* 28 U.S.C. § 636. For the reasons explained, the petition is untimely and the motion must be granted.

////
////
////
////
////
////

1

## I. Procedural History

Petitioner was convicted of attempted murder and multiple other crimes[1] on July 18, 2002, and sentenced to a term of thirty-two years and eight months in prison. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), Lodg. Doc. 1. He appealed, and on October 14, 2004, the judgment was affirmed. Lodg. Doc. 2. The California Supreme Court denied review of petitioner's case on January 12, 2005. Lodg. Docs. 3-4.

Petitioner has filed several habeas corpus petitions in California's courts. According to respondent, and not challenged by petitioner, four petitions concluded prior to the conviction and sentencing being challenged here and are not relevant to the current motion. Another petition concluded before AEDPA's limitations period began to run on April 13, 2005 and is therefore not relevant to the timeliness of the instant petition. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (noting that petitions for post-conviction relief in the state court do not toll the limitation period if denied before the federal limitation period begins to run). Two remaining petitions, filed between December 2003 and January 2007, are relevant to this Court's determination of whether the current petition is timely:

1. On February 18, 2005, petitioner filed a pro se habeas petition in the California Supreme Court. Lodg. Doc. 7. Through the petition, petitioner sought appointment of counsel to assist him in preparing a (presumably additional) habeas petition, in which he intended to argue that trial counsel was ineffective for failing to obtain and introduce expert testimony on gunpowder residue. *Id.* at 3-5. In amendments to the petition, petitioner raised additional arguments. *Id.* The court summarily denied the petition on February 22, 2006. Lodg. Doc. 8.

2. On January 31, 2007, petitioner filed another habeas petition in the California Supreme Court. Lodg. Docs. 9. He argued cruel and unusual punishment and explained that he was not filing in a lower court because

---

[1] Petitioner was convicted of: (1) attempted murder (Cal. Penal Code §§ 664/187 with enhancements for personal use and discharge of a firearm under Cal. Penal Code § 12022.53(b) and (c)); (2) assault with a semi-automatic weapon (Cal. Penal Code § 245(b) with an enhancement for use of a firearm under Cal. Penal Code § 12022.5(a)); (3) discharge of a firearm with gross negligence (Cal. Penal Code § 246.3); (4) attempted terrorist threats (Cal. Penal Code §§ 664/422); (5) child endangerment (Cal. Penal Code § 273a(a) with an enhancement for use of a firearm under Cal. Penal Code § 12022.5); (6) dissuasion of a witness by force (Cal. Penal Code § 136.1(c)(1)); and (7) exhibition of a firearm (Cal. Penal Code § 417(a)(2)).

> "[t]he issues presented herein are being presented for exhaustion purposes only prior to filing a petition for a writ of habeas corpus in federal court." *Id.* at 5 (page numbered "six of six") & 15-15 (pages numbered "4.10-4.11"). The court denied the petition on October 10, 2007, according to the electronic docket accessible through www.courtinfo.ca.gov. Lodg. Docs. 10.

Petitioner filed his federal habeas petition on August 13, 2008. He claims that his trial counsel provided ineffective assistance in numerous instances, that the trial court erroneously failed to give a jury instruction, that there was insufficient evidence to convict him of child endangerment, and that his punishment is excessive under the Eighth Amendment to the federal Constitution.

## II.    Statute of Limitations

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no tolling of this one-year period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

////

3

Finally, a federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The one-year limitations period may, in some circumstances, be subject to equitable tolling. The United States Supreme Court has recognized that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has clarified its own standard as follows:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Respondent contends that the federal petition is untimely. The starting point of the analysis is when petitioner's conviction became final on direct review. Petitioner had 90 days from January 12, 2005, the date the California Supreme Court denied review, to file a petition for writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). He did not do so. Thus, the conviction was final on April 12, 2005, and petitioner therefore had until April 13, 2006 to file his federal habeas petition. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (statute of limitations begins running one day after conviction becomes final). He did not file it, however, until August 13, 2008. Absent tolling, the petition is untimely by 1,219 days.

**A. Statutory Tolling**

The first state petition of relevance to the timeliness of the instant petition was pending when the limitations period commenced (having been filed on February 18, 2005), and thus the period was tolled at least until the conclusion of that petition on February 22, 2006, for a total of

4

316 days.  The limitations period was also tolled during the pendency of the second relevant state petition, between January 29, 2007 and October 10, 2005, for a total of 255 days.  Together, these two petitions provide 571 days of tolling.

Respondent argues that the limitations period was not tolled during the 342-day gap between the denial of the first petition (filed in the California Supreme Court) and the filing of the second petition (also filed in the California Supreme Court).  The court agrees.  Under *Evans v. Chavis* (2006) 546 U.S. 189 and *Carey v. Saffold* (2002) 536 U.S. 214, the gap between two successive California state habeas petitions is tolled only where the second petition was filed within a "reasonable time" after the denial of the first.  546 U.S. at 197; 536 U.S. at 225.  Here, petitioner waited over 11 months between the denial of his first petition to the California Supreme Court and the initiation of his second.  Whether the second petition is considered an appeal of the first or a request for rehearing, it was not filed within a "reasonable time."  *See* Cal. Rules Ct. 8.387(c)(2), 8.536, 8.268(b)(1) (petition for rehearing in the California Supreme Court must generally be filed within 15 days of the filing of the court's decision); *Evans*, 546 U.S. at 210 (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); *Saffold*, 536 U.S. at 219 (same); *Waldrip*, 548 F.3d at 731 (finding that six months between successive filings was not a "reasonable time").

Accordingly, petitioner is entitled to statutory tolling for 571 days after the expiration of the limitations period on April 13, 2006, giving him until November 4, 2007 to file the instant federal petition.  As noted above, petitioner did not file until August 13, 2008.  The petition is therefore untimely unless extraordinary circumstances justify additional tolling of the limitations period on equitable grounds.

**B.  Equitable Tolling**

Petitioner contends that he did not discover all of the facts underlying his federal petition until after the expiration of the statute of limitations because his appellate counsel was

5

incompetent and he himself lacks the legal training to discover the facts himself.  According to petitioner, he urged appellate counsel to raise ineffective assistance of trial counsel on appeal, but counsel did not do so.  Petitioner argues that he attempted to raise the issue himself in state court, but could only articulate a few instances of attorney inadequacy due to his lack of legal skill.  At some point, a fellow inmate who was an attorney obtained petitioner's complete file, and petitioner discovered the remaining errors alleged in the petition.  Based on those facts, petitioner seeks equitable tolling of the limitations period, citing *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001) and *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003).

       The doctrine of equitable tolling serves "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court," and to "prevent the unjust technical forfeiture of causes of action."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2007) (granting equitable tolling where petitioner, in deciding when to file his federal petition, relied in good faith on binding Ninth Circuit precedent that later was overruled).  Thus, "[e]quitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control."  *Harris*, 515 F.3d at 1055.  As noted above, it is petitioner's burden to establish that:  (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way and caused the untimeliness. *Waldron-Ramsey,* 556 F.3d at 1011; *Miranda*, 292 F.3d at 1065.  Petitioner has not met that burden here, for the following reasons.

       First, petitioner has not provided sufficiently specific allegations for the court to determine whether he diligently pursued his rights or whether the circumstances he alleges actually caused the untimeliness.  Petitioner does not state when the inmate attorney began assisting him or why he could not have obtained his file earlier.  Nor does he say what specifically he did to attempt to get his file earlier.  The court therefore cannot determine whether petitioner acted diligently (his failure to obtain the file himself indicates otherwise) or whether these factors caused him to file outside the limitations period.  Lacking specific

allegations illustrating diligence and extraordinary circumstances causing the late filing, the court concludes that petitioner has not shown his entitlement to equitable tolling. *See Waldron-Ramsey*, 556 F.3d at 1013-14 (holding that the petitioner did not show that he was entitled to equitable tolling where he failed to provide specific facts showing diligence and explaining the entirety of his delay).

Second, petitioner's lack of legal knowledge is not an "extraordinary circumstance" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Lastly, the decision of petitioner's appellate counsel not to raise the issue of trial counsel's alleged ineffectiveness is likewise not an "extraordinary circumstance." *See Spitsyn*, 345 F.3d at 801 (holding that sufficiently egregious attorney misconduct may justify equitable tolling). It is not clear from petitioner's allegations that appellate counsel's decision not to pursue the ineffective assistance claim constituted misconduct, or even that the decision was negligent. Thus, the court is not faced with a situation comparable to that in *Spitsyn*, where counsel retained to file a habeas petition completely failed to prepare and file the petition, failed to respond to numerous client inquiries about the petition's status, and failed to return the petitioner's file until after the expiration of the limitations period. *Id.* Moreover, petitioner admits that he believed that trial counsel had rendered ineffective assistance of counsel at the time of his appeal and provides no explanation of why appellate counsel's decision not to pursue the claim prevented him from pursuing it himself. On such facts, the court cannot find that appellate counsel's conduct presented an extraordinary circumstance preventing petitioner from timely filing his federal petition.

**C. Newly-Discovered Evidence**

Section 2244(d)(1)(D) provides that AEDPA's limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the

7

exercise of due diligence. The "factual predicate" of the claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan*, 254 F.3d at 1154 n.3. Although petitioner does not expressly raise a "newly-discovered evidence" argument, he cites to *Hasan*, in which the Ninth Circuit applied § 2241(d)(1)(D) in holding that,

> to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice.

*Id*. (italics in original). Petitioner does not explain why he could not have reviewed his file himself and discovered both the facts of unreasonable performance and the prejudice therefrom before the limitations period expired. In *Hasan*, the petitioner alleged that his trial counsel, aware of potential juror tampering, failed to seek a continuance to investigate. *Id.* at 1152-53. Had he investigated, counsel would have discovered that a juror was in a long-term romantic relationship with one of the prosecution's witnesses. *Id.* The petitioner did not discover the relationship until many years after trial. *Id.* At that point, the petitioner had grounds to assert prejudice from his attorney's failure to investigate that he had not had previously. *Id.* at 1154. Here, petitioner alleges no facts essential to his ineffective assistance claim which he could not have discovered before the limitations period ended. Indeed, his claims concern alleged error at trial that were (or should have been) apparent at that time. Pet., Argument Section at 1-12 (claiming ineffective assistance based on counsel's pressuring of petitioner not to testify, lack of preparation, and failure to: (1) seek a continuance; (2) seek a specific jury instructions; (3) argue voluntary intoxication; (4) present evidence of mental disorder; (5) call a ballistics expert; and (6) present favorable physical evidence). Accordingly, petitioner is not entitled to a later limitations period start-date based on newly-discovered evidence.

////

////

### III. Exhaustion

Because the court has concluded that the petition must be dismissed as untimely under AEDPA, it need not reach respondent's contention that some of the claims in the petition have not been exhausted.

### IV. Conclusion

The court finds that petitioner has filed the instant habeas petition beyond the one-year limitations period provided for by AEDPA. Petitioner filed the petition outside the limitations period (even considering the periods of statutory tolling to which he is entitled based on state court filings), he has failed to show facts justifying equitable tolling, and the court has concluded that he is not entitled to a later limitations period start-date based on a late discovery of the factual predicate of his claims. Therefore, respondent's motion must be granted.

Accordingly, it is hereby ORDERED that:

1. Respondent's March 26, 2009, motion to dismiss this action as untimely is granted; and,

2. The Clerk is directed to enter final judgment in this matter.

Dated: November 23, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9